UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DEONTE ARTIS**, <br><br> Defendant. | 2:17-CR-20489-TGB-EAS-8 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 666)** |

On April 3, 2023, Deonte Artis filed a motion for home confinement, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 666. The government responded opposing early release in May 2023. ECF No. 685. After reviewing the motion, response, and Artis' health records attached as an exhibit under seal, the Court **DENIES** the motion for compassionate release.[1]

## I. BACKGROUND

Mr. Artis is a 33-year-old man who was sentenced to 100 months in prison followed by a five-year term of supervised release for participating in a conspiracy to distribute controlled substances, namely fentanyl. ECF No. 495, PageID.3854–55. According to the Bureau of Prisons ("BOP"),

---

[1] As this Order was being finalized, the Court noted that an appearance was filed by Mr. James Gerometta of the Federal Community Defender Office on October 13, 2023. While no additional filings have been made since that time, nothing would prevent Mr. Gerometta from raising any new grounds for relief should they arise.

1

his release date is September 8, 2025, and he is currently incarcerated at Phoenix FCI in Phoenix, AZ.

## II.  LEGAL STANDARD

After the defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must find the existence of "extraordinary and compelling reasons" warranting the reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Second, the Court must find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Third, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors account for the defendant's recidivism risk, danger to the public, seriousness of the offense, and how to provide the

defendant with "medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D).

### III. DISCUSSION

This motion raises two claims in requesting release from prison into home confinement as an alternative to compassionate release under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020): (1) concerns about COVID-19 infections, and (2) alleged improper treatment of his pre-existing medical conditions that place him at higher risk of COVID-19 complications. ECF No. 666.

#### A. Exhaustion Requirement

The Government "concedes" that Artis satisfied the First Step Act's exhaustion requirement for his first claim concerning the possibility of contracting COVID-19. ECF No. 685, PageID.6417–18. Because Artis has exhausted this claim, the Court must next evaluate whether there are extraordinary and compelling circumstances warranting Artis' release and whether the pertinent sentencing factors under 18 U.S.C. § 3553(a) support compassionate release.

However, his request for sentence reduction from the warden did not address the second issue he raises in this petition, that the BOP mishandled his medical care for his chronic conditions. Even construing the request liberally, the prison was not put on notice of this element. ECF No. 666, PageID.6263. They were instead raised for the first time in

this motion. *Id.* at 6260–61 ("my health conditions, which include; asthma, congenital heart disease, hemoptysis, high blood pressure, high cholesterol, clinical[] depress[ion, and] mental health"). Thus, BOP did not have a chance to respond to these specific concerns, and Artis has not exhausted his administrative remedies under the claim-processing rule requirements. 18 U.S.C. § 3582(c)(1)(A); *see Alam*, 960 F.3d at 833–34. Although this Court and others have held that BOP's egregious mismanagement of serious health conditions can qualify as an extraordinary and compelling reason to support compassionate release, this is not such a situation. *See e.g., United States v. English*, No. 19-20164, 2022 WL 17853361, at *3 (E.D. Mich. Dec. 22, 2022). The government has "properly invoked" this failure to exhaust, and Artis has not shown that he should be excused. ECF No. 685, PageID.6417–18; *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017). Therefore, the Court denies the motion regarding the second claim and will not continue its analysis under the additional steps discussed above.

## B. Extraordinary and Compelling Circumstances

COVID-19 alone is not an extraordinary and compelling circumstance sufficient to grant compassionate release. The Sixth Circuit has held that "when the defendant has access to the COVID-19 vaccine," there are no "extraordinary and compelling" reasons arising from COVID-19 exposure warranting sentence reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Despite that access and his

4

heart, lung, and mental health challenges, Artis has refused COVID-19 vaccines without presenting a reason for failing to be vaccinated. ECF No. 666, PageID.6262; ECF No. 686 (sealed), PageID.6506, 6523.

The record here does not sufficiently demonstrate that Artis' fear of contracting COVID-19 and its potential complications create a serious risk to his continuing health and welfare. Accordingly, the Court concludes that Artis has not presented "extraordinary and compelling" reasons to justify release. Because the Court finds that he does not meet the second required element required for compassionate release under Section 3582(c), the Court declines to analyze whether the sentencing factors in Section 3553(a) support release. *See Elias*, 984 F.3d at 519–20 (6th Cir. 2021) ("Further, we clarify that, as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED** as to COVID-19 concerns and inadequate treatment for his chronic conditions.

**IT IS SO ORDERED.**

Dated: October 23, 2023    s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE